

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-4-2002

# Vipond v. Comm Social Security

Precedential or Non-Precedential:

Docket No. 01-3484

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Vipond v. Comm Social Security" (2002). *2002 Decisions.* Paper 243.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/243

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-3484
_____


JOHN R. VIPOND,
                    Appellant

        v.

LARRY G. MASSANARI,
ACTING COMMISSIONER OF SOCIAL SECURITY


_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Civil Action No. 00-cv-00254J
(Honorable D. Brooks Smith)
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
March 4, 2002

Before:  SCIRICA and ROSENN, Circuit Judges,
         and WARD, District Judge*

(Filed  April 3, 2002)




     *The Honorable Robert J. Ward , United States District Judge for the Southern
District of New York, sitting by designation.


_____

OPINION OF THE COURT
_____


SCIRICA, Circuit Judge.

     This is an appeal of a denial of social security disabled status and benefits.  We
will affirm.
                              I.
     John Vipond suffers from heart and breathing trouble and obesity.  He was forty-
eight years old as of his date last insured for social security disability.  Vipond has past
work experience as a dump truck driver, night maintenance man and as a clerk.  He was
laid off from his last job in 1991.  After developing chest pains in July 1995, Vipond was
diagnosed with an acute myocardial infarction.  On July 13, 1995, Dr. Mario Poon
performed a balloon angioplasty on Vipond's left anterior descending coronary artery.
Vipond was released from the hospital on July 14, 1995.  In August 1995, Dr. Poon
found Vipond was "doing very well" - displaying no symptoms of angina or congestive

heart failure.  In February 1996, Dr. Poon told Vipond's family physician, Dr. John Meloy, that from a cardiac standpoint Vipond was doing very well.

In 1997, two doctors made functional capacity assessments for the state agency in charge of determining disability.  Dr. Sharon Wander reviewed Vipond's medical records and performed a residual functional capacity assessment, finding Vipond could perform medium work. Dr. Rita Aneja reviewed the medical evidence and also found Vipond could perform medium work.

For some time, Vipond complained of shortness of breath and pain to Dr. Meloy. In February and March 1998, Dr. Meloy opined that Vipond was totally and permanently disabled from gainful employment.  But over the course of his treatment, Dr. Meloy's notes reflect that Vipond was generally normal.  Dr. Meloy did specifically find Vipond suffered from shortness of breath.

Vipond filed an application for disability benefits in September 1997 alleging an onset date of October 18, 1991.  The Administrative Law Judge found Vipond is limited to exertionally light jobs with a sit/stand option.  A vocational expert testified that approximately five million such jobs exist in the national economy with limited climbing, balancing or stooping; no concentrated exposure to dust, fumes, chemicals or high humidity; no concentrated exposure to heights or dangerous machinery, that a person with Vipond's age, education and work experience could do.  Therefore, the ALJ found Vipond is not disabled under 20 C.F.R.  404.1520(f) (1985).  The District Court affirmed the ALJ, finding that substantial evidence in the record supported the ALJ's decision.  Vipond appeals.

                              II.

We review the Commissioner's final decision to deny disability on a substantial evidence basis.  42 U.S.C.  405(g) (1991).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citations omitted).

Vipond claims the ALJ erred in denying disability despite Dr. Meloy's opinion. But an ALJ is bound to give a treating physician's opinion controlling weight only when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record."  20 C.F.R.  404.1527(d)(2) (1991).  The ALJ found Dr. Meloy's opinion contrary to the great weight of the evidence, including the doctor's own treatment notes.  Substantial evidence supports the ALJ's decision.

Vipond claims the ALJ erred by not giving sufficient weight to his subjective complaints.  The ALJ properly weighed the evidence in the record under 20 C.F.R. 404.1529 (1991) and found Vipond not fully credible.  There is substantial evidence in the record to support the ALJ's finding.

Finally, Vipond claims the ALJ erred by finding he could do light work.  But the ALJ in fact found Vipond could do only limited light work, as illustrated in the hypothetical question posed to the vocational expert.  Substantial evidence exists to support the ALJ's finding Vipond can do limited light work.

                              III.

For the foregoing reasons, we will affirm the judgment of the District Court.


                         /s/ Anthony J. Scirica
                          Circuit Judge